CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 20 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHAD BUSH, | ) CASE NO. 3:11CV00016 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| ALAN E. WILLIAMS, ET AL., | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |
| Defendants. | ) |

Plaintiff's motions filed on December 14, 2011 for the award of damages, and his attorney's fees and costs, are before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case.[1] The only matter before the undersigned is to determine the amount of compensatory damages, liquidated damages, punitive damages (if any), attorney's fees, and costs to which plaintiff is entitled in light of the default judgment heretofore entered by the presiding District Judge on all counts set forth in the complaint. For the reasons that follow, and for those set forth from the bench at the conclusion of evidentiary proceedings on January 9, 2012, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motions, and ENTERING judgment in favor of the plaintiff for $34,212.64, representing $21,724.70 in compensatory damages, $1,230.19 in liquidated damages, $10,207.75 in attorney's fees, and $1,050 in costs.

On February 23, 2011, plaintiff filed a Complaint seeking damages and attorney's fees arising out of an alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA")

---

[1] The Order of reference also committed all non-dispositive post trial matters to the undersigned under 28 U.S.C. § 636(b)(3). Because damages and attorney's fees under the FLSA are intertwined, the undersigned has elected to render a Report and Recommendation on the entirety of plaintiff's remaining claims to the District Judge.

1

and under supplemental state law for alleged common law fraud and breach of an employment contract. (Dkt. No. 1, at 3-4.) The First Cause of Action for violation of the FLSA alleged that defendants failed to properly pay plaintiff overtime. The Second Cause of Action alleged that plaintiff was led by defendants to believe he would receive full compensation for work performed, and would be paid for holidays, vacation time earned, and sick leave, despite the fact the defendants knew they did not have sufficient funds to pay plaintiff. The Third Cause of Action alleged breach of the defendants' promise to pay plaintiff a specific hourly wage for work performed, holidays, vacation leave, and sick leave. *Id.* On October 25, 2011, plaintiff filed a Motion for Summary Judgment, and on November 14, 2011, he moved for default. (Dkt. Nos. 18, 20.) The defendants never responded to plaintiff's motions.

On December 13, 2011, the presiding District Judge entered summary judgment on all causes of action. The Order referred all matters of damages, and all other non-dispositive post-trial matters that may arise, including attorney's fees, to the undersigned. (Dkt. No. 21.) On January 9, 2012, after proper notice, the undersigned conducted an evidentiary proceeding relating to the matters referred. Plaintiff and counsel appeared and offered evidence. Counsel for the defendants was present but did not seek to participate, nor did he.

Plaintiff proceeded essentially on the proffers of the affidavits and other evidence submitted in support of his motion for summary judgment. (Dkt. No. 19.) In his Declaration executed under penalty of perjury on October 24, 2011, plaintiff reveals that he was an employee of the defendants from approximately June, 2005 through October, 2010. (Dkt. No. 19-1, at 1.) Plaintiff further states that, when first employed, it was agreed he would be paid $12.50 an hour, raised a short time later to $13.50 an hour, and would be paid for certain holidays, one week vacation, and would receive health insurance paid by the defendants. *Id.* at 2. Plaintiff

2

acknowledges that he was paid regularly for the work he performed until May, 25, 2009 and continuing through October 29, 2010. *Id.* at 1-2. During that period, his pay checks were reduced, and, at times, he was not paid at all, nor was he paid for overtime work or paid at the rate of time and a half for each hour worked over forty (40) hours weekly. *Id.* at 2-3. Plaintiff also states that the defendants told him they were having financial problems, but they assured him the pay he was due would be made up. *Id.* at 2. Based on those representations, he continued to perform work for the defendants, though he continued to experience problems with his pay checks and never was paid what he was due. *Id.*

In the hearing before the undersigned, plaintiff offered four exhibits. Plaintiff's Exhibit #1 is a declaration and time log of plaintiff's attorney, Steven D. Rosenfield, Esq., showing the hours counsel claimed to have spent on the case and his hourly rate. (Dkt. No. 29, at 2-7.) Plaintiff's Exhibit #2 is a chart detailing the hours plaintiff worked for the defendants from May, 25, 2009 through October 29, 2010, the wages actually received for his work, and the amount he claims he should have been paid based on his hourly rate and overtime work. (Dkt. No. 29, at 8-10.) Plaintiff testified that he produced this chart using his time sheets and bank records subpoenaed from Wells Fargo Bank. Plaintiff's Exhibit #3 is an invoice from Wells Fargo for the charges to plaintiff associated with producing the bank records. (Dkt. No. 29, at 11.) Plaintiff's Exhibit #4 is the response by defendant Alan Williams to plaintiff's interrogatory, revealing the value of Williams' assets in excess of $2,000. (Dkt. No. 29, at 12.)

Additionally, plaintiff testified at the hearing about the emotional, lifestyle and financial effects of the defendants' conduct. Plaintiff testified that the financial condition caused by the defendants forced him to move back into his parents' house, to be in default on his car payments, eventually necessitating his selling it to buy a "junker" car, and led to his having to file an

3

amended W2 because of the errors in the one filed by defendants. Additionally, plaintiff testified that he has experienced difficulties with creditors over his student loans and credit card debt, had a judgment entered against him as the result of being unable to pay, and was unemployed for seven (7) months, having had great difficulty in finding new gainful employment. Plaintiff also testified that his son was born in September, 2010, and that it has been difficult to secure health insurance for him, despite promises by the defendant to provide for the child's health insurance.

In summation at the conclusion of the evidence, plaintiff's counsel contended that plaintiff is entitled to an award of the overtime wages that were not paid, liquidated damages, and attorney's fees and costs under the FLSA. He also contended plaintiff was entitled to both compensatory and punitive damages under his supplemental state law claims. Counsel offered that plaintiff should be awarded FLSA damages of $2,460.34, representing unpaid overtime in the amount of $1,230.17 and $1,230.17 liquidated damages. (Dkt. No. 23, at 2.) For the breach of contract, counsel argued that the court should award compensatory damages amounting to $25,760.48 in unpaid wages. *Id.*; (Dkt. No. 19, at 5.) For fraud, plaintiff seeks a concurrent amount of compensatory damages together with punitive damages in the amount of $10,000.[2] (Dkt. No. 23, at 2-3.) Finally, plaintiff seeks an award of attorney's fees in the amount of $10,207.50 and costs of $1,050 under the FLSA. (Dkt. Nos. 25, at 2; 25-2, at 4.)

Unfortunately, some of plaintiff's calculations of damages under his state law claims as well as the claim for attorney's fees contain inconsistencies and minor inaccuracies. As a result, the undersigned does not believe that the plaintiff is entitled to all the damages or the fees he seeks. Plaintiff's Exhibit #2 does show that plaintiff was not paid for overtime, i.e. the time and a half rate for hours worked performed over forty (40) a week, as required under 29 U.S.C. § 207

---

[2] Plaintiff originally requested $40,000 in punitive damages. He revised this request after learning of Alan E. Williams' net worth. (Dkt. No. 23, at 2-3.)

4

of the FLSA. Plaintiff calculated that to be $1,230.17. Plaintiff also is entitled to liquidated damages which doubles the amount of overtime owed. 29 U.S.C. § 216(b). However, the overtime rate of $22.75 per hour that he used to arrive at the base figure for lost overtime is inaccurate. One and one-half times $13.50 of base hourly wage equals $20.25. When multiplied by the 60.75 hours of overtime he worked, the product is **$1,230.19** and not $1,230.17. (Dkt. No. 23, at 2.) Therefore, the undersigned will recommend the court award plaintiff the sum of $2,460.38 in overtime and liquidated damages under the FLSA.

The evidence also clearly shows that plaintiff also was not paid other wages he earned as the defendants' employee. Plaintiff claims that the defendants failed to pay him $25,760.48 in wages earned. However, there are several errors in plaintiff's calculation of his unpaid wages. In the hearing, plaintiff's counsel admitted that the $25,760.48 in unpaid wages was not supported by the evidence, and submitted $21,940.97 as correct. However, that is not accurate either. According to Plaintiff's Exhibit #2, the "Hourly rate" column, when properly calculated, should add up to $36,320.54 rather than the $36,874.01 (2,690.41 hrs. x $13.50/hr) shown in the spreadsheet. The "Money earned in dollars" column likewise should add up to $37,550.72, when considering the error in the "Hourly rate" column, slight errors in the calculation of overtime pay, and the failure to include overtime pay in row "3/15/10 – 3/28/10." Plaintiff also erred in subtracting the "Money received in dollars" from the "Money earned in dollars" to arrive at his actual damages on the state law claims. The latter column includes overtime which is addressed separately in plaintiff's FLSA claim. Plaintiff should have subtracted this from the "Hourly rate" column. Accordingly, plaintiff's actual damages for unpaid wages under his state law claims amount to **$20,494.51** ($36,320.54 - $15,826.03). (Dkt. No. 29, at 8-10.)

5

Plaintiff's accounting of his attorney's fees, which are allowed under the FLSA, 29 U.S.C. § 216, also is off by 25 cents.[3] Finding both the number of hours spent and the hourly rate charged to be reasonable, the undersigned will recommend that attorney's fees in the amount of **$10,207.75** be awarded. Moreover plaintiff is entitled to recover his costs of $350.00 in filing fees and the $700.00 paid to Wells Fargo for copying, or a total of **$1,050.00**. That, too, will be recommended to be awarded.

Any award of punitive damages is another matter. Plaintiff is correct that punitive damages may be awarded in Virginia where actual fraud has been proved by a preponderance of the evidence. *Jordan v. Sauve*, 219 Va. 448, 451-452 (Va. 1978) (stating a reward of punitive damages for fraud requires a finding of actual malice). In order to recover punitive damages, however, a plaintiff not only must be entitled to compensatory damages, as here, but he also must prove by the greater weight of the evidence that the defendant acted with actual malice or acted under circumstances amounting to a willful and wanton disregard of plaintiff's rights. *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 685-686 (Va. 1967).

Plaintiff contends the Order entered granting summary judgment on plaintiff's Second Cause of Action would permit the undersigned to conclude that the defendants' conduct, in fact, was willful, wanton, or in reckless disregard of plaintiff's rights. In the undersigned's view succeeding on the motions for default and for summary judgment on the allegations set forth in the complaint is a far cry from proving the requisite conduct to support an award of punitive damages. In addition, the Complaint makes no distinction between whether the fraud claim is one for actual or constructive fraud. (Dkt. Nos. 23, at 2; 19, at 6.) This is critical to the

---

[3] 30.7 hours x $350/hr = $10,745, less 5% = $10,207.75. Plaintiff's Exhibit #1 lists an additional .1 hours worked on December 19, 2011. (Dkt. No. 29, at 7.) This time is not included in either the total hours worked or plaintiff's calculations of attorney's fees. *Id.* at 3, 7. Therefore, it appears plaintiff is not claiming this additional .1 hours.

6

undersigned because constructive fraud does not provide a basis for the award of punitive damages.

Notwithstanding, the factual allegations set forth in the Second Cause of Action are that the defendants led the plaintiff to believe he would be paid his wages and benefits for work performed. The allegations simply state the defendants failed to make good on their promise to pay him his back wages. Apart from those allegations, and the alleged legal conclusion plaintiff draws from them in the complaint, there is no evidence upon which the undersigned could find that the defendants did anything more than breach their employment contract with plaintiff and commit constructive fraud. The undersigned cannot conclude they acted either with actual malice or willfully and with wanton disregard of plaintiff's rights.[4] Accordingly, the undersigned declines to award punitive damages in this case.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING plaintiff's motions, and AWARDING plaintiff the sum of $34,212.64, representing $21,724.70 in compensatory damages, $1,230.19 in liquidated damages, $10,207.75 in attorney's fees, and $1,050 in costs.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. §

---

[4]The undersigned interprets the evidence plaintiff offered about the consequential effects of defendants' actions, e.g. credit-related problems, repossession or sale of his financed vehicle, and the like, to relate to his claim for punitive damages. The undersigned declines to award these kinds of consequential damages on the state law fraud claim, it being clear that he would not be entitled to them on his claim for breach of contract.

636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

1/20/2012
Date